Dear Mayor Brown,
You have requested an opinion of this office as to whether a municipality can use public funds to provide scholarships to high school seniors who are poor or needy.
All questions concerning the use of public funds must be examined in light of La.Const. art. VII, § 14, which provides, in pertinent part, as follows:
Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
Section 14(B) contains an exception to the general prohibition against the donation of public funds and allows "the use of public funds for programs of social welfare for the aid and support of the needy." This office has consistently opined that the exception in paragraph (B)(1) is operative as long as those assisted through such a program are screened pursuant to objective criteria to ensure they are, in fact, needy. La. Atty. Gen. Op. Nos. 05-0128, 03-0334, 00-14, 98-432. A person's income is an example of objective criteria that should be used to determine who is needy. La. Atty. Gen. Op. No. 04-0088.
La. Atty. Gen. Op. No. 81-1221 addressed whether public funds could be used by the Louisiana Real Estate Commission to provide scholarships to programs directly related to the real estate field. The Louisiana Real Estate Commission was granted specific statutory authority to assist and promote educational programs relating to real estate. The opinion concluded awarding scholarships to students who could be classified as poor or needy did not violate the *Page 2 
Louisiana Constitution. The opinion further stated that "if said donation is made subject to its dedication to students classified as poor or needy, it is the suggestion of this office that the donation be made subject to a proper accounting of the expenditure of said funds to insure the proper use thereof or made to a public entity subject to audit by your office."
La. Atty. Gen. Op. No. 92-543 also addressed the use of public funds to award college scholarships. The opinion concluded that the Plaquemines Parish Government could fund college scholarships. As in La. Atty. Gen. Op. No. 81-1221, discussed above, the Plaquemines Parish Government was statutorily authorized to "grant scholastic expenses or scholarships to worthy high school graduates" in accordance with La.R.S. 17:1756(B).
Unlike the two opinions mentioned above, the Town of White Castle does not have specific statutory authority to award scholarships to high school seniors. Although La.Const. art. VII, Sec. 14(B)(1) allows public funds to be spent "in aid and support of the needy," the public entity spending the public funds must have the legal authority to do so. To conclude otherwise could easily result in an abuse of public funds under the guise of being spent in support of needy.
Accordingly, it is the opinion of this office that the Town of White Castle cannot use public funds to award college scholarships.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By:__________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt